IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVIN DALESSIO TRUCKING, LLC, a Pennsylvania limited liability company, and DEVIN DALESSIO, an adult individual,<br>　　　　　Plaintiffs,<br><br>　　vs<br><br>PROGRESSIVE CORPORATION and UNITED FINANCIAL CASUALTY COMPANY,<br>　　　　　Defendants. | Civil Action No. 22-378<br><br>Magistrate Judge Dodge |

## MEMORANDUM OPINION

Plaintiffs Devin Dalessio Trucking, LLC ("Dalessio Trucking") and Devin Dalessio ("Dalessio") bring this action against Defendants Progressive Corporation ("Progressive") and United Financial Casualty Company ("UFCC"), arising out of the cancellation of an insurance policy. In addition to a breach of contract claim (Count I), Plaintiffs have also alleged a claim of bad faith in violation of 42 Pa. C.S. § 8371 (Count II).

Pending before the Court is Defendants' partial motion to dismiss in which they seek dismissal of Plaintiffs' claim of bad faith, as well as the dismissal of Dalessio and Progressive as improper parties. For the reasons that follow, the motion will be granted in part and denied in part.

**I.   Relevant Procedural History**

Plaintiffs commenced this action in December 2021 in the Court of Common Pleas of Indiana County, Pennsylvania. Defendants subsequently removed the action to this Court on the basis of diversity jurisdiction because Dalessio and Dalessio Trucking are Pennsylvania citizens, Progressive and UFCC are Ohio citizens and the amount in controversy exceeds the sum of

$75,000, exclusive of interest and costs.[1] Defendants filed a partial motion to dismiss (ECF No. 5), which has been fully briefed (ECF Nos. 6, 12, 15). The parties have consented to full jurisdiction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 13, 14.)

## II. Relevant Factual Background

Dalessio organized Dalessio Trucking in May 2020 as a freight business. Although Dalessio is a paraplegic who cannot operate vehicles himself, he hired drivers, managed the books, scheduled the hauling of freight and obtained authorization to operate his business in intrastate and interstate commerce. (Compl. ¶¶ 7-8.)[2]

As part of its operation, Dalessio Trucking was required to have insurance protection in accordance with both federal and state laws and regulations. On or about August 4, 2020, Dalessio purchased commercial motor vehicle insurance for Dalessio Trucking from UFCC, and issued policy number 02459999-0. Plaintiffs allege that, at all times, Defendants were aware of Dalessio's physical condition and his inability to walk or operate the vehicles.

During the company's first year of operation, Dalessio was able to add more vehicles and trailers to his operation and paid additional premiums for insurance coverage. But on or about the same date that coverage was expanded, he received a Notice of Cancellation, allegedly mailed on May 12, 2021 and effective July 15, 2021. The reason provided for the cancellation was that:

---

[1] Defendants' original notice of removal referred to Dalessio Trucking as a "Pennsylvania Limited Liability Company [and] a citizen of Pennsylvania." Because this information was incomplete to establish diversity jurisdiction, the Court entered an order directing Defendants to file an amended notice of removal, which they did. The Court also directed Plaintiffs to respond to the jurisdictional allegations in their response to the motion to dismiss. Plaintiffs indicate that Dalessio Trucking is wholly owned by Dalessio, who is a Pennsylvania citizen (ECF No. 12 at 1). Therefore, it is now established that complete diversity jurisdiction exists.
[2] ECF No. 1 Ex. A.

"Customer does not meet our acceptable criteria. Customer is unaccountable because of the increase in hazard within the control of the insured. Excessive growth of the number of power units." (*Id.* ¶¶ 9-16.)

After receiving this notice, Dalessio offered to reduce the number of insured vehicles in order to comply with the stated criteria, but his request was denied by Defendants without explanation and the policy was cancelled. The reasons proffered by Defendants are not part of any manual, brochure, memorandum, underwriting material or document used to justify the cancellation of the policy. Dalessio believes that a major reason for the cancellation was his physical disability and Defendants' belief that he could not manage the expansion of the business because of his physical limitations. (*Id.* ¶¶ 17-19.)

Plaintiffs allege that Defendants' act of cancelling the insurance policy was without reasonable foundation and breached the terms of the policy and the duty of good faith and fair dealing owed to them under Pennsylvania law. (*Id.* ¶¶ 22-23.)[3] They also contend that Defendants acted in bad faith in cancelling the policy. Dalessio has been unable to obtain coverage and has been forced to stop all operations. He asserts that he has suffered damages related to loss of income and profits that now exceed the sum of $100,000. (*Id.* ¶¶ 24-25.)

### III. Analysis

#### A. Standard of Review

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the

---

[3] They also allege that it constituted a discriminatory act in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182. (*Id.* ¶ 20.) However, the Complaint does not assert a claim under the ADA.

plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged.

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Plaintiffs have attached the policy to the Complaint and it may be considered without converting the motion into a motion for summary judgment.

B. <u>Bad Faith Claim</u>

In Count II, Plaintiffs allege that Defendants engaged in bad faith conduct in violation of 42 Pa. C.S. § 8371. Defendants argue that alleging that an insurer canceled a policy in bad faith does not fall within the scope of the statute.

A bad faith claim is distinct from the underlying contractual insurance claim from which the dispute arose. *Nealy v. State Farm Mut. Auto. Ins. Co.*, 695 A.2d 790, 792 (Pa. Super. 1997), *appeal denied*, 717 A.2d 1028 (Pa. 1998). The Pennsylvania Supreme Court has held that:

>  to prevail in a bad faith insurance claim pursuant to Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim. We further hold that proof of the insurer's subjective motive of self-interest or ill-will, while perhaps probative of the second prong of the above test, is not a necessary prerequisite to succeeding in a bad faith claim. Rather, proof of the insurer's knowledge or reckless disregard for its lack of reasonable basis in denying the claim is sufficient for demonstrating bad faith under the second prong.

*Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). Mere negligence or bad judgment does not constitute bad faith. *Id.* at 374.

As Judge Gibson has summarized:

> Section 8371 encompasses a broad range of insurer conduct. *Cohen v. State Auto Prop. & Cas. Co.*, No. 00-3168, 2001 WL 120145, at *2, 2001 U.S. Dist. LEXIS 1178, at *6 (E.D. Pa. Feb. 8, 2001). For example, bad faith includes an unreasonable delay in handling claims, *see Willow Inn, Inc. v. Public Serv. Mut. Ins. Co.*, 399 F.3d 224, 235 (3d Cir. 2005); *Purcell v. State Farm Mut. Auto. Ins. Co.*, No. 11-7004, 2012 WL 425005, at *4, 2012 U.S. Dist. LEXIS 17110, at *11 (E.D. Pa. Feb. 10, 2012), "a frivolous or unfounded refusal to pay, ... [and] a failure to communicate with the insured." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n. 9 (3d Cir.1999). "Bad faith also occurs when an insurance company makes an "inadequate investigation or fails to perform adequate legal research concerning a coverage issue." *Corch Constr. Co. v. Assurance Co. of Am.*, 64 Pa. D. & C.4th 496, 516 (Cnty. Ct. 2003) (citing *Hollock v. Erie Ins. Exch.*, 54 Pa. D. & C.4th 449 (Cnty. Ct. 2002)).

*Smith v. Allstate Ins. Co.*, 904 F. Supp. 2d 515, 524 (W.D. Pa. 2012).

Citing multiple decisions,[4] Defendants state that Section 8371 "provides the exclusive statutory remedy applicable to claims handling." These cases are not dispositive, however, as they address the issue of what law that applies to the sale of insurance policies—the

---

[4] *Wenk v. State Farm Fire & Cas. Co.*, 228 A.3d 540, 550 (Pa. Super.), *appeal denied*, 242 A.3d 309 (Pa. 2020); *Doherty v. Allstate Indem. Co.*, 2016 WL 5390638, at *7 (E.D. Pa. Sept. 27, 2016); *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016); *Gibson v. Progressive Specialty Ins. Co.*, 2015 WL 2337294, at *4 (E.D. Pa. May 13, 2015).

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL") as opposed to the law that applies to claims handling—§ 8371. They do not hold that an improper policy cancellation cannot form the basis of a § 8371 claim.

Regardless, several courts have held that "Section 8371 is limited to causes of actions arising out of the bad faith handling or payment of claims and does not apply to conduct unrelated to the denial of a claim." *Berks Mut. Leasing Corp. v. Travelers Prop. Cas. a Member of Citigroup*, 2002 WL 31761419, at *5 (E.D. Pa. Dec. 9, 2002) (footnote omitted). *See also Belmont Holdings Corp. v. Unicare Life & Health Ins. Co.*, 1999 WL 124389, at *2 (E.D. Pa. Feb. 5, 1999) ("The language chosen by the Superior Court in *Terletsky* to determine what a plaintiff must show to recover for a claim of bad faith plainly focuses upon a denial of benefits under an insurance policy."); *Kurtz v. American Motorists Ins. Co.*, 1997 WL 117008, at *3 (E.D. Pa. Mar. 12, 1997) ("the statute's focus on the handling and payment of claims underscores the conclusion that the statute's provisions make sense only in the claim handling and payment context.")

In *Belmont Holdings*, the court concluded that a "dispute over the increase in premium rates, the related threat to cancel the policy and the contractual dispute over the payment of a dividend is not conduct that relates to the handling or payment of claims or benefits under an insurance policy." 1999 WL 124389, at *3. The court concluded, therefore, that those disputes should be decided as part of the plaintiff's breach of contract claim, not as a bad faith claim under § 8371. Similarly, in *Berks*, the court rejected the plaintiff's attempt to ground § 8371 claims on the insurer's acts of failing to cooperate in correcting a credit reporting error, falsely accusing plaintiff of refusing to submit to a business audit and ultimately basing a decision not to renew a policy on the false credit report and the refusal to submit to the business audit. 2002 WL

6

31761419, at *5.

Plaintiffs contend that Defendants' actions violated several provisions of the Unfair Insurance Practices Act, 40 P.S. §§ 1171.1 to 1171.15 (UIPA). The Complaint does not allege claims under the UIPA, however. Even if Plaintiffs had asserted such a claim, however, there is no private cause of action for a violation of the UIPA. *See Gordon v. Pennsylvania Blue Shield*, 548 A.2d 600, 603 (Pa. Super. 1988); *Smith v. Nationwide Mut. Fire Ins. Co.*, 935 F. Supp. 616, 620 (W.D. Pa. 1996). In addition, since the seminal case of *Terletsky v. Prudential Property & Casualty Insurance Co.*, 649 A.2d 680 (Pa. Super. 1997), which set forth the elements for claims of bad faith under § 8371,[5] federal courts have uniformly rejected plaintiffs' attempt to rely on UIPA violations to support bad faith claims. *See, e.g., UPMC Health Sys. v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 505-06 (3d Cir. 2004); *Leach v. Northwestern Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008); *Dinner v. United Servs. Auto. Ass'n Cas. Ins. Co.*, 29 F. App'x 823, 827 (3d Cir. 2002); *Horvath v. Globe Life & Accident Ins. Co.*, 2019 WL 4058999, at *12 (W.D. Pa. Aug. 27, 2019). Thus, whether Defendants' actions violated the UIPA is not relevant to the determination of whether they engaged in bad faith in violation of § 8371.[6]

Here, Plaintiffs' breach of contract claim does not relate to the handling or denial of a claim under the policy. Rather, it is principally grounded on the wrongful cancellation of the policy issued by Defendants. Plaintiffs fail to cite any authority that holds that an improper

---

[5] The Pennsylvania Supreme Court adopted the Superior Court's formulation in *Rancosky v. Washington National Insurance Co.*, 170 A.3d 364, 365 (Pa. 2017).

[6] As such, Plaintiff's request for leave to amend to assert a UIPA claim will be denied as it would be futile. Plaintiffs also appear to suggest that Defendants' alleged fraudulent misrepresentations support their bad faith claim. For the reasons discussed above, the Court disagrees.

cancellation represents bad faith under § 8371 and the Court independently found no such authority. Thus, the Court concludes that Plaintiffs cannot base a § 8371 claim on Defendants' allegedly improper cancellation of a policy. Therefore, the motion to dismiss the bad faith claim in Count II of the Complaint will be granted.

### C. Progressive as an Improper Defendant

Defendants contend that because the policy was issued by UFCC, not by Progressive, Progressive is not a proper defendant in this case.

"Clearly one cannot be liable for breach of contract unless one is a party to that contract." *Lockhart v. Federal Ins. Co.*, 1998 WL 151019, at *3 (E.D. Pa. Mar. 30, 1998) (citation omitted). The Pennsylvania Superior Court has stated that:

> There is no simple rule for determining who is the insurer for purposes of the bad faith statute. The question is necessarily one of fact, to be determined both by examining the policy documents themselves, and by considering the actions of the company involved. Thus, we look at two factors: (1) the extent to which the company was identified as the insurer on the policy documents; and (2) the extent to which the company acted as an insurer. This second factor is significantly more important than the first factor, because it focuses on the true actions of the parties rather than the vagaries of corporate structure and ownership.

*Brown v. Progressive Ins. Co.*, 860 A.2d 493, 498-99 (Pa. Super. 2004) (footnote omitted).

In seeking dismissal of Progressive, Defendants rely upon the holdings in *Lockhart, Brown* and *Totty v. Chubb Corp.*, 455 F. Supp. 2d 376, 380 (W.D. Pa. 2006). However, *Lockhart* and *Totty* were decided on motions for summary judgment and *Brown* was on appeal following a trial. All of these cases had fully developed records. In this case, the entire record consists of the Complaint—which alleges that Progressive was involved—and a copy of the Declarations Page of the insurance policy only, which states that it was underwritten by UFCC but also includes "Progressive Commercial" in the heading and a website identified as "progressiveagent.com" for

"online service." (ECF No. 1 Ex. A at 11.) Thus, based on the limited record at this stage of the proceedings and accepting Plaintiffs' factual allegations as true, the Court cannot determine whether Progressive was an "insurer" for purposes of this policy.

Plaintiffs also allege that UFCC acted as the alter ego of Progressive. Courts have recognized that "liability may be imposed where a parent corporation so dominates the activities of a subsidiary that it is necessary to treat the dominated corporation as an 'alter ego' of the principal." *Simon v. Unumprovident Corp.*, 2002 WL 1060832, at *2 (E.D. Pa. May 23, 2002) (citing *Botwinick v. Credit Exch., Inc.*, 213 A.2d 349, 354 (Pa. 1965)). To succeed on this theory, a plaintiff must demonstrate that the parent company exercised "complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own." *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988).

As noted above, the record of this case consists solely of the Complaint, which alleges that UFCC "is wholly owned and operated by the Defendant Progressive which through Progressive's agents, servants and/or employees acting within the scope of their agency and/or employment make decisions regarding polices of insurance sold by the Defendant [UFCC]." (Compl. ¶ 5.) Accepting Plaintiffs' allegation as true at this stage of the proceedings, it is at least plausible that Progressive may be liable under an alter ego theory.

Therefore, Defendants' motion for the dismissal of Progressive as a party defendant will be denied.

D. <u>Dalesssio as an Improper Plaintiff</u>

Defendants also contend that because Dalessio Trucking is the named insured on the policy, Dalessio must be dismissed as a plaintiff.

Only a party to a contract can bring a claim for breach of that contract. *See Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. 1991), *aff'd mem.*, 618 A.2d 395 (Pa. 1993). Moreover, an "insurer's duty to act in good faith belongs to those persons who qualify as 'insureds' under the policy." *Seasor v. Liberty Mut. Ins. Co.*, 941 F. Supp. 488, 490 (E.D. Pa. 1996) (citing *Dercoli v. Pennsylvania Nat'l Mut. Ins. Co.*, 554 A.2d 906 (Pa. 1989)), *aff'd mem.*, 116 F.3d 469 (3d Cir. 1997).

Plaintiffs claim that as the owner and manager of Dalessio Trucking, Dalessio is an insured under the omnibus provisions of the commercial auto policy while acting for and on behalf of the LLC. Further, they assert, the standard language of a commercial auto policy defines an "insured" to include "anyone liable for the conduct of an 'insured.'" (ECF No. 12 at 11) (quoting *National Liab. & Fire Ins. Co. v. Brimar Transit, Inc.*, 433 F. Supp. 3d 747, 754 (W.D. Pa. 2020); *Selective Way Ins. v. Travelers Prop. Cas. Co. of Am.*, 724 F. Supp. 2d 520, 524 (E.D. Pa. 2010)).

Plaintiff has attached only a limited portion of the policy at issue. In this portion, Dalessio Trucking is identified as the "named insured" and four other individuals or companies as "additional insureds." (ECF No. 1 Ex. A at 11, 14.) Dalessio is not identified as an insured. Moreover, the Complaint does not identify Dalessio as an insured or a party to the insurance policy.[7] Thus, as pleaded, the Complaint does not support a claim by Dalessio for breach of contract. Because the Court cannot conclude that amendment would be futile, Defendants' motion to dismiss will be granted with leave to amend.

---

[7] According to the Complaint, Dalessio purchased insurance *for* Dalessio Trucking. (ECF No. 1 ¶ 10.)

## IV. Conclusion

For the reasons cited above, Defendants' partial motion to dismiss (ECF No. 5) will be granted with prejudice with respect to Count II and without prejudice with respect to the dismissal of Dalessio. Defendants' motion to dismiss Progressive as a party defendant will be denied without prejudice to reassert as appropriate upon the development of a full record.

An order will follow.

BY THE COURT:

Dated: May 20, 2022

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge