IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVIN DALESSIO TRUCKING, LLC, a Pennsylvania limited liability company, Plaintiff, | ) ) ) ) | |
| vs | ) ) | Civil Action No. 22-378 |
| | ) ) | Magistrate Judge Dodge |
| PROGRESSIVE CORPORATION and UNITED FINANCIAL CASUALTY COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Devin Dalessio Trucking, LLC ("Dalessio Trucking") brings this action against Defendants Progressive Corporation ("Progressive") and United Financial Casualty Company ("UFCC"), arising out of the cancellation of an insurance policy. In addition to a breach of contract claim (Count I), Plaintiff has also alleged claims of fraud (Count II), failure to warn (Count III) and promissory estoppel (Count IV).

Pending before the Court is Defendants' partial motion to dismiss in which they seek dismissal of Plaintiffs' non-contractual claims. For the reasons that follow, the motion will be granted in part and denied in part.

I.     **Relevant Procedural History**

Dalessio Trucking, along with its owner, Devin Dalessio ("Dalessio"), commenced this action in December 2021 in the Court of Common Pleas of Indiana County, Pennsylvania. The Complaint alleged a breach of contract claim (Count I) and a claim of bad faith in violation of 42 Pa. C.S. § 8371 (Count II). Defendants subsequently removed the action to this Court on the basis of diversity jurisdiction and moved to dismiss Count II as well as to dismiss Dalessio as an

individual plaintiff and to dismiss Progressive as a defendant. On May 20, 2022, an Opinion and Order were entered (ECF Nos. 16, 17) that granted the motion with respect to the bad faith claim and the dismissal of Dalessio individually.

Plaintiff later filed an Amended Complaint (ECF No. 19) that added claims of "fraud, misrepresentation and deceit" (Count II), "failure to warn" (Count III)[1] and promissory estoppel (Count IV). Defendants have moved to dismiss these additional claims (ECF No. 20), and their motion has been fully briefed (ECF Nos. 21, 24, 25). The parties have consented to full jurisdiction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 13, 14.)

## II.    Relevant Factual Background

Dalessio organized Dalessio Trucking in May 2020 as a freight business, which hauls freight in intrastate and interstate commerce. (Am. Compl. ¶¶ 7-8) (ECF No. 19).

As part of its operation, Dalessio Trucking was required to have insurance in accordance with federal and state laws and regulations. On or about August 4, 2020, Dalessio purchased commercial motor vehicle insurance for Dalessio Trucking from UFCC. Plaintiff alleges that it does not have a copy of the policy, but it was in effect beginning August 4, 2020. (*Id.* ¶¶ 9-12.)

During the company's first year of operation, Dalessio Trucking was in a position to add more vehicles and trailers to its business. Dalessio contacted Defendants' licensed insurance agent to determine if the Company could add additional vehicles to the policy. The agent

---

[1] "Failure to warn" is typically a claim in the realm of product liability. *See Wright v. Ryobi Techs., Inc.*, 175 F. Supp. 3d 439, 449 (E.D. Pa. 2016) ("Three types of defective conditions give rise to a strict products liability claim: design defects, manufacturing defects, and failure-to-warn defects.") As discussed below, despite the caption, Count III appears to be a claim of either breach of fiduciary duty or breach of the duty of good faith and fair dealing and will be addressed accordingly.

requested vehicle identification numbers and quoted additional premiums for each vehicle and advised that the additional units would be covered. (*Id.* ¶¶ 13-15.) Based on these assurances, Dalessio Trucking purchased the additional units and paid additional premiums for insurance coverage. The declarations page reflecting the additional coverage is dated May 28, 2021and states that the policy changes were effective as of May 26, 2021. (*Id.* ¶ 16 & Ex. A.)

On or about the same date that coverage was expanded, however, Plaintiff received a Notice of Cancellation, allegedly mailed on May 12, 2021 and has an effective date of July 15, 2021. The reason provided for the cancellation was that: "Customer does not meet our acceptability criteria. Customer is unacceptable because of the increase in hazard within the control of the insured: Excessive growth of the number of power units." (*Id.* ¶¶ 17-19 & Ex. B.)

After receiving this notice, Plaintiff offered to reduce the number of insured vehicles in order to comply with the stated criteria, but its request was denied by Defendants without explanation and the policy was cancelled. Plaintiff states that the reasons proffered by Defendants are not part of any manual, brochure, memorandum, underwriting material or document used to justify the cancellation of the policy. Plaintiff had no claims or insured losses that occurred during the policy period and the only justification used by the insurer was the additional power units that had been approved before the vehicles were purchased. (*Id.* ¶¶ 20-22.)

Plaintiff alleges that it has been unable to obtain insurance coverage for the business and was forced to cease all operations, suffering a loss of profits as well as damages from the sale of vehicles and other equipment after closing operations. (*Id.* ¶ 26.)

III.    **Analysis**

A.  Standard of Review

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged.

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Plaintiff has attached a copy of the Commercial Auto Insurance Coverage Summary and the Notice of Cancellation to the Amended Complaint and they may be considered without converting the motion into a motion for summary judgment.

B.  Gist of the Action Doctrine

Plaintiff alleges in Count II that Defendants are liable for "fraud, misrepresentation and

4

deceit," and in Count III, it alleges that they breached a duty to inform Plaintiff that adding additional power units would result in a cancellation of the policy. Defendants assert that under Pennsylvania law, both claims should be dismissed based on the gist of the action doctrine.[2]

In *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014), plaintiff homeowners sued their insurer, Erie Insurance Co., after its adjuster and engineer came to their home to investigate mold and told them that the mold was harmless and had no health consequences. After Plaintiffs followed this advice, they suffered health problems from mold exposure and eventually the house became uninhabitable. Erie paid plaintiffs the sum or $5,000 that was owed under the insurance policy for testing and attempted remediation of the mold. Plaintiffs then brought an action against Erie for negligence regarding the assurances made by Erie. Erie asserted that their negligence claim was barred by the gist of the action doctrine.

As noted by the Pennsylvania Supreme Court in *Bruno:*

> The general governing principle which can be derived from our prior cases is that our Court has consistently regarded the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint, to be the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract. In this regard, the substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort, e.g., for negligence, is not controlling. If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

---

[2] "A federal court sitting in diversity must apply state substantive law and federal procedural law." *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citation omitted). The parties do not dispute that Plaintiff's claims must be analyzed under Pennsylvania law.

106 A.3d at 68 (footnotes and citations omitted).

As the *Bruno* court observed, "the mere existence of a contract between two parties does not, *ipso facto*, classify a claim by a contracting party for injury or loss suffered as the result of actions of the other party in performing the contract as one for breach of contract." *Id.* at 69. Finding that plaintiffs were not limited to a breach of contract claim, the Pennsylvania Supreme Court held that while Erie had contractual obligations under its policy, plaintiffs' allegations were not that it failed to perform these duties, but rather, it acted in a negligent manner during the course of fulfilling these duties by making false assurances and recommendations upon which plaintiffs relied. "Consequently, these allegations of negligence facially concern Erie's alleged breach of a general social duty, not a breach of any duty created by the insurance policy itself." *Id.* at 71. "Put simply, consistent with *Bruno* and its predecessors, to determine whether an action is barred by the gist of the action doctrine, we must examine the factual allegations and ask, '[w]hat's this case really about?'" *Downs v. Andrews*, 639 F. App'x 816, 819 (3d Cir. 2016) (footnote and citation omitted).

Defendants contend that this case is about their cancellation of the policy and is therefore properly considered as a breach of contract action. Plaintiff argues that certain of their claims are based upon misrepresentations about the coverage that would be afforded by the policy on which they relied to their detriment by purchasing additional vehicles. Courts have held that "the gist of the action doctrine's bar to fraud in the performance claims does not always apply to bar fraud in the inducement claims." *Lutheran Home for the Aged v. Forest River, Inc.*, 2020 WL 2950025, at *8 (W.D. Pa. May 1, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 2933541 (W.D. Pa. June 3, 2020). *See also Longview Dev. LP v. Great Atl. & Pac. Tea Co.*, 2004 WL 1622032, at *3 (E.D. Pa. July 20, 2004) ("fraud in the inducement is not necessarily

covered by the gist of the action doctrine because fraud to induce a person to enter a contract is generally collateral to the terms of the contract itself and implicates society's desire to avoid the fraudulent inducement of contracts."); *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 719 (Pa. Super. 2005) (fraudulent inducement claim was collateral to the performance of the contract and not barred by the gist of the action doctrine); *Bert Co. v. Turk*, 257 A.3d 93, 110 (Pa. Super. 2021) ("the doctrine does not bar tort claims for conduct that occurred before or after the contractual obligations arose or ended."), *appeal granted*, 275 A.3d 958 (Pa. 2022).

Defendants argue that this alleged incident occurred during the performance of the contract, not prior to it. Nevertheless, as Plaintiff notes, these events occurred before the policy was revised to include additional units and an additional premium was assessed. Moreover, Plaintiff asserts that it would not have purchased the additional units if Defendants' agent had not represented that they would be covered by the policy.

"Courts … have shown some reluctance to dismiss claims for fraud in the inducement … early in the litigation." *Brackenridge Constr. Co. v. Doerflein*, 2020 WL 13336748, at *4 (W.D. Pa. Dec. 4, 2020) (citations omitted). *See also Kunkle v. Community Health Sys. Pro. Servs. Corp.*, 2009 WL 10737883, at *2 (E.D. Pa. Apr. 22, 2009) ("At this early stage, I cannot determine whether Plaintiff's fraud in the inducement claim is truly collateral to the contract dispute or whether it is integrated with Plaintiff's contract claim and thus barred by the gist of the action doctrine.")

Plaintiff alleges that it was induced to purchase additional power units when agents of the Defendants indicated that coverage would be provided for the additional units. Defendants then cancelled the policy and Plaintiff alleges that it was unable to secure a replacement policy. At this stage of the proceedings, these allegations are sufficient to state a tort claim that is not barred

by the gist of the action doctrine.[3]

Therefore, the motion to dismiss Counts II and III of the Amended Complaint based on the gist of the action doctrine will be denied.[4]  However, as noted below, Count III fails to state a claim on which relief can be granted.

### C.  Insurers' Duties to Their Insureds

Defendants also contend that Count III should be dismissed because insurers do not owe fiduciary duties to their insureds. Plaintiff responds that insurers still must act in good faith.

A number of courts have held that there is no standalone claim for breach of the duty of good faith and fair dealing. Rather, the claim is subsumed within the breach of contract claim. *See Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 529 (E.D. Pa. 2013); *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 631 (M.D. Pa. 2009) (the breach of the implied covenant of good faith and fair dealing "merges with a breach of contract claim.")

The cases on which Plaintiff attempts to rely do not recognize an independent claim for breach of duty in the circumstances pleaded here. *See Berg v. Nationwide Mut. Ins. Co.*, 44 A.3d 1164, 1170 (Pa. Super. 2012) (claims of breach of contract, negligence, violation of the catchall provision of the Uniform Trade Practices and Consumer Protection Law and bad faith); *American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526 (Pa. 2010) (reimbursement of attorney's fees); *Prudential Prop. & Cas. Ins. Co. v. Sartno*, 903 A.2d 1170, 1174 (Pa. 2006)

---

[3] The Amended Complaint also references the Unfair Insurance Practices Act, 40 P.S. §§ 1171.1 to 1171.15 (UIPA) in Count II. However, "there is no private right of action under the UIPA, which can only be enforced by the state insurance commissioner." *Leach v. Northwestern Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008). *See also Kline v. Progressive Corp.*, 2019 WL 6875601, at *4 (M.D. Pa. Dec. 17, 2019). Therefore, like the parties, the Court has analyzed Count II as a common law tort claim.

[4]  Based on the manner in which this claim is identified, it cannot be determined if Plaintiff intends to assert both a fraudulent and a negligent misrepresentation claim.

(scope of exclusion in policy). Plaintiff also cites cases involving the "reasonable expectations of the insured." *See Tonkovic v. State Farm Mut. Auto. Ins. Co.*, 521 A.2d 920, 926 (Pa. 1987); *Collister v. Nationwide Life Ins. Co.*, 388 A.2d 1346 (Pa. 1978); *Reliance Ins. Co. v. Moessner*, 121 F.3d 895 (3d Cir. 1997). However, these cases addressed the scope of coverage, not the cancellation of a policy. Therefore, Plaintiff's contention that it can maintain an independent claim based on breach of the duty of good faith and fair dealing is unavailing.

Therefore, Defendants' motion to dismiss Count III will be granted.

D.  Promissory Estoppel Claim

Defendants contend that the promissory estoppel claim in Count IV should be dismissed because the parties entered into an enforceable contract. Plaintiff claims that in making this claim, it is pleading in the alternative.

The Pennsylvania Supreme Court has held that:

> Where there is no enforceable agreement between the parties because the agreement is not supported by consideration, the doctrine of promissory estoppel is invoked to avoid injustice by making enforceable a promise made by one party to the other when the promisee relies on the promise and therefore changes his position to his own detriment.

*Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000) (citing Restatement (Second) of Contracts § 90).

Defendants contend that promissory estoppel can only apply in the absence of a contract. *See Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990) ("In light of our finding that the parties formed an enforceable contract, relief under a promissory estoppel claim is unwarranted."); *Synesiou v. DesignToMarket, Inc.*, 2002 WL 501494, at *4 (E.D. Pa. Apr. 3, 2002) ("Promissory estoppel applies to enforce a promise that is not supported by consideration, in other words, when there is no binding contract.") Plaintiff cites no authority to the contrary.

Plaintiff specifically pleads that an enforceable contract existed between the parties and that Defendants wrongfully cancelled that contract. As such, there is no basis to maintain a claim of promissory estoppel. Therefore, with respect to Count IV, the motion to dismiss will be granted.

## IV.   Conclusion

For the reasons cited above, Defendants' partial motion to dismiss (ECF No. 20) the Amended Complaint will be granted with respect to Counts III and IV and denied with respect to Count II.

An appropriate order will follow.


Dated: November 7, 2022                              BY THE COURT:


                                                     s/ Patricia L Dodge
                                                     PATRICIA L. DODGE
                                                     United States Magistrate Judge